IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICK CASEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-800-GPM |
| | ) |
| VILLAGE OF CASEYVILLE and GEORGE CHANCE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on June 28, 2010, for hearing on the motion for summary judgment filed by Defendants Village of Caseyville (Village) and George Chance. For the following reasons, Defendants' motion is granted.

### FACTUAL BACKGROUND

Plaintiff Rick Casey worked for the Village of Caseyville as the TIF (Tax Increment Financing) administrator beginning in 1997.[1] On October 1, 2008, he was replaced in this capacity by vote of the Village Trustees. Also during this meeting, his daughter and son-in-law were removed from their municipal positions, and Plaintiff's son, a Village Trustee, was removed from the Village's finance committee. Plaintiff filed this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. He complains that Defendant George Chance, the Village's mayor,

---

[1] Plaintiff's complaint states that he began his position in 1994, but 1997 is the date that he gave in his deposition.

terminated him from his position as TIF administrator in retaliation for Plaintiff's exercise of constitutionally protected speech. Specifically, Plaintiff alleges that he spoke out on matters of public concern, including his intention to run for mayor of the Village and his affiliation with local government officials who were in political opposition to Village Trustees. Count 1 is a § 1983 claim against the Village for Chance's alleged conduct in terminating Plaintiff when acting as the final policymaker in his capacity as mayor. *See generally Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978). Count 2 is a § 1983 claim against Defendant Chance for the same conduct. Defendants contend that Plaintiff was replaced in his capacity as TIF administrator because of a conflict of interest in the awarding of funds for projects involving the contracting company of Plaintiff's wife – projects on which Plaintiff worked as a laborer.

## ANALYSIS

Federal Rule of Civil Procedure 56(c) provides that if the pleadings, discovery, and disclosure materials disclose no genuine issue of material fact, the movant may be entitled to judgment as a matter of law.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations

omitted).

To establish a *prima facie* case of employer retaliation due to an employee's exercise of free speech: "[f]irst, the employee's speech must be constitutionally protected; second, the plaintiff must demonstrate that but for the protected speech the employer would not have taken the same action; and third, the plaintiff must have suffered a deprivation because of the employer's action." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 501 (7th Cir. 2010). "[A] public employee can establish that his speech is constitutionally protected if (1) the employee spoke as a citizen on matters of public concern, and (2) the interest of the employee as a citizen in commenting upon matters of public concern outweighs the interest of the State as an employer in promoting the efficiency of the public services it performs through its employees." *Sigsworth v. City of Aurora*, 487 F.3d 506, 509 (7th Cir. 2007). The Supreme Court has clarified that statements made by public employees "pursuant to their official duties," regardless of speech content, are not constitutionally protected because the employees are not speaking as citizens. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). "Whether a statement rises to the level of public concern is a question of law, and in answering the question we look to the 'content, form, and context' of the statement." *Valentino v. Village of S. Chicago Heights*, 575 F.3d 664, 671 (7th Cir. 2009), *quoting Connick v. Myers*, 461 U.S. 138, 147 (1983). Of these three factors, courts place the most weight on the content of the speech. *Kokkinis v. Ivkovich*, 185 F.3d 840, 848 (7th Cir. 1999). Speech addressing prison security, public safety, or governmental waste traditionally is recognized as a matter of public concern. *See generally Spiegla v. Hull*, 371 F.3d 928, 936 (7th Cir. 2004) (*Spiegla I*), *disapproved on other grounds in later appeal by* 481 F.3d 961 (7th Cir. 2007) (Court of Appeals vacated jury verdict for plaintiff – reversing earlier decision that correctional officer charged with ensuring prison safety had

engaged in constitutionally protected speech regarding prison security lapse – based on Supreme Court's intervening decision in *Garcetti*).

Plaintiff's claims fail on their merits because there is no showing of constitutionally protected free speech. There is no proof in the record that Plaintiff engaged in any speech on a matter of public concern. Plaintiff conceded in his deposition that he had not expressed his intentions to initiate his mayoral candidacy to Defendants. Plaintiff did not even obtain the application necessary to pursue his candidacy for mayor. At best, there are only vague, amorphous generalizations that it was common knowledge that Plaintiff intended to run for mayor. Notably, the current mayor, Defendant Chance, opined on one occasion that Plaintiff would be a good candidate. Plaintiff also alludes to speech concerning political affiliation but fails to substantiate these claims or identify how such speech would implicate a matter of public concern. The record reflects no difference in political ideology between Plaintiff and Defendant Chance. All that is at stake is Plaintiff's anticipation that he would be mayor, and these tenuous claims of speech on future candidacy, which have no stated link to an issue of public concern, do not demonstrate constitutionally protected free speech. *See Swearnigen-El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 862 (7th Cir. 2010) ("[A]t this stage, [plaintiff] must do more than generally aver that he 'spoke out' on various issues without providing evidence that the content, form, and context of those disputes relate to public concerns rather than personal grievances.").

Even if Plaintiff could demonstrate that his professed candidacy was constitutionally protected free speech, Plaintiff has made no showing of causation. The causation analysis for a § 1983 retaliation claim mirrors the causation analysis for Title VII claims. *Spiegla I*, 371 F.3d at 943 n.10. Therefore, causation may be established with circumstantial evidence, such as suspicious

timing and disparate treatment of individuals. *See Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 631 (7th Cir. 2009). "When an adverse employment action follows close on the heels of protected expression, and the plaintiff can show that the person who decided to impose the adverse action knew of the protected conduct, the causation element of the *prima facie* case is typically satisfied." *Lalvani v. Cook County*, 269 F.3d 785, 790 (7th Cir. 2001) (finding time lag of year and a half did not provide inference of causation); *see also Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 399 (7th Cir. 1999) (four months insufficient to establish causation).

There simply is nothing in the record to suggest that anything Plaintiff said about possible future service or candidacy caused his termination. Plaintiff admitted that he did not inform the Village Trustees of his mayoral candidacy prior to their vote to replace him as TIF administrator, and there is no other evidence establishing such knowledge on their part. Plaintiff's argument that Defendant Chance influenced the replacement process would, if true, still fail to establish causation because the evidence shows that Chance approved of Plaintiff as a mayoral candidate. Plaintiff points to a letter of legal advice opining that there was no conflict of interest under the TIF Act between Plaintiff's position and his wife's company. He further relies on the fact that his family members were removed from various municipal positions. But these facts do not – by themselves – show that Plaintiff was removed from his position in retaliation for his exercise of free speech. *Cf. Woodson v. Scott Paper Co.*, 109 F.3d 913 (3d Cir. 1997) (finding causation between discrimination complaint and firing two years later when a pattern of antagonism toward Plaintiff occurred in the interim). It is conceivable that the Village Trustees, mindful of their position, decided that it was not good policy for the municipal government to act as Plaintiff's personal employment agency for his family and himself outside of his civil servant capacity. In fact, Plaintiff

retained his position as treasurer but chose to retire from the position. Because Plaintiff has established neither constitutionally protected speech nor causation, his claims fail.[2]

Finally, the Village filed counter-claims against Plaintiff for breach of fiduciary duty, conversion, unjust enrichment, and negligent spoliation of evidence. Now that the federal claims have been dismissed, there is no basis for this Court's subject matter jurisdiction over the counter-claims. Consequently, the Village's counter-claims are **REMANDED** to state court for further proceedings.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 16) is **GRANTED**, and Plaintiff's § 1983 claims against the Village and George Chance are **DISMISSED with prejudice**. The Village's counter-claims against Plaintiff Casey are **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 07/15/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2]It became clear during the hearing that the Village Board had final decision making authority to terminate Plaintiff as TIF administrator, not Mayor Chance. The analysis would not change if the Board was substituted as a defendant; therefore, the Court does not resolve the case on this basis. There simply was no protected speech. Alternatively, Plaintiff has not shown that any such speech caused his termination.